IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CROWN POINT DEVELOPMENT, ) | |
| ) | |
| Plaintiff, ) | Case No. CV05-492-S-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| CITY OF SUN VALLEY, et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court in the above-entitled matter is Defendants' Motion to Dismiss or in the Alternative, Motion to Stay (Docket No. 3). The Plaintiff has responded and Defendants have filed their reply brief. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

Factual Background

Plaintiffs filed their 42 U.S.C. § 1983 complaint alleging a violation of their substantive due process rights by the Defendants' denial of their application to develop certain real property. A state court reviewing the denial of the development action has ruled the City of Sun Valley, via the actions of the city council members, violated Plaintiff's substantive due process rights. The state court ruling is currently being appealed.

Standard of Review

Defendants move to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6). A motion to dismiss should not be granted "unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Clegg v. Cult Awareness Network, 18 F. 3d 752, 754 (9th Cir. 1994). All allegations of material fact in the complaint are taken as true and

construed in the light most favorable to the non-moving party.  See Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992).

## Analysis

Defendants seek to dismiss the pending complaint arguing that since 1996, well-settled Ninth Circuit law does not allow substantive due process claims pursuant to the Fourteenth Amendment of the Constitution when the interest at stake is real property.  See Armendariz v. Penman, 75 F.3d 1311 (9th Cir. 1996); Macri v. King County, 126 F.3d 1125, 1128 (9th Cir. 1997); Madison v. Graham, 316 F.3d 867 (9th Cir. 2002); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936 (9th Cir. 2004).  Plaintiff argues there is a conflict of law in the Ninth Circuit, as the court allowed a substantive due process claim in an earlier case and the law of other circuits allows such a claim.

The earlier case cited by Plaintiff is Bateson v. Geisse, 857 F.2d 1300 (9th Cir. 1988).  The Court agrees the Bateson allowed for a substantive due process cause of action, however, the Court agrees with Defendants that Bateson was overruled by Armendariz and such is specifically stated in the decision in Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 949 (9th Cir. 2004) where the court stated: "we overruled prior circuit precedent."  The Court finds all of the cases since Bateson support the rationale that the Fifth Amendment provides "an explicit textual provision" for protecting against the challenged governmental action and that Bateson was overruled..

As to the Plaintiff's argument this Court should adopt the law of other circuits, the Court respectfully declines such invitation where the Ninth Circuit has addressed this same issue in a number of cases and has found otherwise.

Therefore, this Court applies the current Ninth Circuit law and finds the complaint should be dismissed as the law of this circuit does not allow substantive due process claims pursuant to the Fourteenth Amendment of the Constitution when the interest at stake is real property.  Armendariz v. Penman, 75 F.3d 1311 (9th Cir. 1996).  Because the Court is granting the motion to dismiss, it need not rule on the alternative motion to stay proceedings.

ORDER

Being fully advised in the premises, the Court hereby orders the motion to dismiss (Docket No. 3) is GRANTED and the matter is DISMISSED IN ITS ENTIRETY.

DATED: **February 6, 2006**

_____
Honorable Edward J. Lodge
U. S. District Judge